Argued March 6, reversed March 19, rehearing denied May 21, 1918.

## IN RE SHARP.

## SHARP v. MARION COUNTY.

(171 Pac. 584.)

**Infants—Mothers' Pensions—Partial Dependency.**

1. Under Laws of 1913, page 75, Section 2, as amended by Laws of 1915, page 97, providing that a woman, of certain qualifications, who is herself, and all of whose children are, "wholly" dependent on her labor for support, shall receive from the county $10 a month for one child and $7.50 a month for each additional child, and Laws of 1913, page 75, Section 3, providing that if they are "partly" dependent on her labor for support, she shall receive such a sum as added to her other income, other than that derived from her labor shall equal the amount provided by Section 2, as amended, they having a home and a small area of land to cultivate, a declaration of partial dependency, with deduction from the full amount, is proper; the object of the act being to provide for their necessities, and they by reason of such property requiring less than they would without it.

**Infants—Mothers' Pensions—Allowance—Appeal.**

2. Where, on application for a mother's pension, the Juvenile Court held applicant and her children only partly dependent within Laws of 1913, page 75, Section 3, and made an allowance, $10 less per month than that provided by Section 2, as amended, where they are wholly dependent, and on appeal therefrom by her the Circuit Court made full allowance, complaint cannot be made by her on appeal by the county from the Circuit Court that the Juvenile Court's manner of arriving at the amount to be deducted was not proper, though the decree of the Circuit Court be reversed.

From Marion: WILLIAM GALLOWAY, Judge.

Department 2.

The Juvenile Court of Marion County made an order allowing the applicant $15 a month for the support of herself and three children under the age of 16 years, under the provisions of the Mother's Pension Act, Chap. 42, Laws of 1913, as amended by Chap. 90, Laws of 1915. This act is superseded by the Law of 1917 (Laws 1917, p. 501). The plaintiff and her family occupy as a home a small farm of 12.36 acres, improved with a house and barn. Six acres of this are under cultivation upon which plain-

tiff keeps a cow, pig and some chickens. On account of all this a reduction of $10 was made in her monthly allowance. The applicant and her three children were declared "partly dependent" under Section 3 of the act. Because of the reduction made by the order she appealed to the Circuit Court. Findings of fact and conclusions of law were there made and a decree rendered allowing her and the three children for their support $25 a month from the date of the application, November 13, 1915. The county of Marion appeals to this court.                                REVERSED.

For appellant there was a brief over the names of *Mr. Max Gehlhar,* District Attorney, and *Mr. James G. Heltzel,* with an oral argument by *Mr. Gehlhar.*

For respondent there was a brief over the names of *Mr. Frank A. Turner* and *Mr. Rex A. Turner,* with an oral argument by *Mr. Frank A. Turner.*

BEAN, J.—1, 2. There was no objection by the county to the allowance by the Juvenile Court of $15 a month from September 11, 1916. The difference of $10 a month is involved upon this appeal. Section 2 of the act provides that, subject to the other provisions of the act, a woman, mentioned in Section 1, who is herself, and all of whose children are "wholly" dependent upon her labor for support shall receive from the county of their residence the sum of $10 a month for one child and $7.50 a month for each additional child residing with her, not exceeding $40 a month. Section 3 directs that if such woman and children are "partly" dependent upon her labor for support, she shall receive such a sum per month as added to her other income, other than that derived from her labor, shall equal the amount provided for in Section 2. The order made by the

Juvenile Court declaring a partial dependency of the applicant and her young children was in perfect accord with Section 3 of the act as to the amount of the pension. The purpose of the act is to provide for the necessities of such mother and children and certainly when they have a home and a small area of land to cultivate they would require a less amount than though they were without such farm. It is contended by counsel for claimant that the manner of arriving at the figure to be deducted was not proper; but this is unimportant. There being no appeal by the county from the order of the Juvenile Court, nor any objection thereto made by the county, that order should not be changed and the same is allowed to stand. The decree of the Circuit Court modifying the order of the Juvenile Court is reversed. Neither party will be allowed costs in either court.

Reversed. Rehearing Denied.

McBride, C. J., Benson and McCamant, JJ., concur.